Audra M. Mori, Bar No. 162850
Katherine M. Dugdale, Bar No. 168014
Jennifer N. Chiarelli, Bar No. 212253
PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA 90404-4013
Telephone: 310.788.9900
Facsimile: 310.788.3399
AMori@perkinscoie.com
KDugdale@perkinscoie.com
JChiarelli@perkinscoie.com

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>GENNADEY BATRAKOV, an individual,<br><br>Defendant. | Case No. C 07-03381 SBA<br><br>JOINT CASE MANAGEMENT STATEMENT |

Plaintiff Microsoft Corporation ("Plaintiff" or "Microsoft") and Defendant Gennadey Batrakov ("Defendant") submit this Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>

This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of the State of California to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

1    No parties remain to be served.

2    2.    Facts

3    In this action Microsoft seeks to recover damages arising from Defendant's alleged infringement of Microsoft's copyrights and trademarks, and to enjoin Defendant's future infringement. Microsoft contends that beginning in at least October 2005, Defendant was sent notices informing him that it appeared that he was auctioning infringing software on the Internet. Defendant disregarded the notices and continued to distribute counterfeit Microsoft software. In October and November 2005, Defendant distributed counterfeit Windows XP Pro to customers on at least four separate occasions. In February 2006, Defendant distributed counterfeit Windows XP Pro to customers on at least two separate occasions. And, in May 2006, Defendant distributed counterfeit Office 2003 Pro to an investigator. Microsoft again notified Defendant, this time by letter dated November 29, 2006, that Defendant was distributing counterfeit Microsoft software. Microsoft requested that Defendant cease and desist the infringing activity. Instead, and despite clear notice of his infringing activities, Defendant continued to distribute counterfeit Microsoft items and in February 2007, Defendant distributed counterfeit Office 2003 Pro to an investigator.

Microsoft contends that Defendant's activities constitute: (1) infringement of Microsoft's copyrights; (2) infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1); (3) false designation of origin, false description, and false representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a); and (4) unfair competition pursuant to the common law of California. Microsoft further contends that it is entitled to a constructive trust and an accounting. Microsoft also contends that it is entitled to a permanent injunction and its attorneys' fees and costs under the Copyright Act and the Lanham Act.

Defendant contends: That he is not the party at interest, that his deceased wife is the party at interest, that he never sold any software products, his wife did, and if she sold counterfeited products, she was unaware of that fact. Furthermore, this was a home run business, which his wife could do while she was sick and dying from cancer, and very

little profit was made from this business. The Microsoft and their attorneys are heartless to continue to sue Defendants after the death of his wife, and to continue to assert outlandish claims about possibly seeking $1,000,000 in damages. This case should be dismissed.

3. **Principal Factual And Legal Issues In Dispute**

Microsoft asserts that the key threshold issues are whether the items at issue are counterfeit, whether Defendant's conduct is an infringement of Microsoft's copyrights and/or trademarks, violates the Lanham Act by falsely designating the origin of the items, and constitutes unfair competition pursuant to California common law. If the items are found to be counterfeit and infringing, the key issues will be whether Defendant willfully infringed Microsoft's rights, the appropriate award of damages and attorneys' fees and costs, and whether Microsoft is entitled to a permanent injunction.

4. **Motions**

Microsoft anticipates filing a motion for summary judgment following the close of discovery.

5. **Amendment of Pleadings**

Microsoft does not at this time anticipate amending the pleadings, however, the parties have not yet started formal discovery and do not waive the right to move to amend.

6. **Evidence Preservation**

The parties are discussing evidence preservation issues.

7. **Disclosures**

Microsoft will serve its initial disclosures on or before November 26, 2007, a copy of which is attached to this Statement as Exhibit A. Defendant will serve its initial disclosures on or before November 26, 2007.

8. **Discovery Plan**

The parties agree to the following discovery plan:

1   (1)   As noted above, Microsoft will serve its Rule 26(a)(1) initial disclosures on November 26, 2007. Defendant will serve his Rule 26(a)(1) initial disclosures on <u>November 26, 2007.</u>

    (2)   Microsoft intends to take discovery on the following subjects (subject to any objections):

    (a)   Defendant's distribution of Microsoft or purported Microsoft items;

    (b)   Defendant's acquisition of Microsoft or purported Microsoft items;

    (c)   Defendant's profits and financial information;

Defendant intends to take discovery on the following subjects (subject to any objections): Defendant does intend to take any discovery. This case is ridiculous, and a huge drain and Defendant's resources. Defendant simply wants this case dismissed. Defendant does not even engage in the sales of software, yet has offer to be bound by a stipulation not to sell any, despite this, Microsoft presses on with this onerous litigation, as if it were suing a corporate giant, rather than a single man, on a small income and still grieving over his wife's recent death from cancer, and who committed none of the acts plaintiff alleges.

****

The parties propose the following discovery cut-off dates:

| Fact Discovery Cut-Off: | April 30, 2008 |
| Expert Discovery Cut-Off: | May 15, 2008 |

The parties agree that interrogatories, depositions, requests for production, and requests for admission may be served as provided by the Federal Rules of Civil Procedure. The parties propose that discovery proceed in keeping with the Federal Rules of Civil Procedure. The parties do not believe at this time that discovery should be conducted in phases or that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

  (3) The parties are not presently aware of any issues relating to the disclosure and discovery of electronically stored information. The parties agree to discuss such issues as they arise, including the appropriate form or forms in which any electronically stored information should be produced.

  (4) The parties are not presently aware of any issues relating to privilege.

  (5) The parties do not believe at this time that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

  (6) Microsoft anticipates that a protective order will be necessary in this case and will propose a form to Defendant. If the parties cannot agree on a protective order, Microsoft will file the appropriate motion.

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

None.

11. <u>Relief</u>

Microsoft responds that it has not elected the measure of damages it will seek. Microsoft has not discovered Defendants' profits that are attributable to Defendants' infringement and cannot make a reasonable estimate of the damages sustained as a result of Defendants' actions. If Microsoft elects statutory damages, it may seek up to $1,000,000 per trademark and $150,000 per copyright willfully infringed. Here, Defendant has infringed at least nine copyrights and nine trademarks. Microsoft may also elect to recover Defendant's profits, enhanced or trebled for willfulness. Microsoft will also seek attorneys' fees and costs, as well as a permanent injunction to prevent Defendant's future infringement.

12. <u>Settlement and ADR</u>

The parties have been discussing settlement and Defendant has provided some documents informally which Microsoft is reviewing to determine if a demand is appropriate at this time. The parties have elected mediation as their ADR procedure. Prior to a mediation, Microsoft will

require three years of Defendant's vendor and customer records, three years of financial records and records from any payment service utilized by Defendant such as PayPal.

13. <u>Consent to Magistrate</u>

Microsoft will not consent to a Magistrate.

14. <u>Other References</u>

Microsoft does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of the Issues</u>

The parties are discussing any issues that can be narrowed.

16. <u>Expedited Schedule</u>

Microsoft does not believe that this case should be handled on an expedited basis.

17. <u>Scheduling:</u>

The parties propose the following dates:

| | |
|---|---|
| Reports under Rule 26(a)(2) due: | March 14, 2008 |
| Rebuttal Reports due: | April 15, 2008 |
| Fact Discovery Cut-Off: | April 30, 2008 |
| Expert Discovery Cut-Off: | May 15, 2008 |
| Last Day to Hear Dispositive Motions: | July 1, 2008 |
| Final Pretrial Conference: | August 18, 2008 |
| Trial: | September 15, 2008 |

18. <u>Trial</u>

The case will be tried to the Court. The parties expect that the trial will last for the following number of days: Between 3 and 5 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Microsoft has filed the Certification of Interested Entities or Persons has required by Civil Local Rule 3-16. Microsoft further states that pursuant to Civil L.R. 3-16, other than the named parties, there is no such interest to report. Defendant knows of no interested parties as well.

20. <u>Other Matters</u>

1     Microsoft is not aware of other matters at this time

2

3

4  DATED: November 26, 2007          PERKINS COIE LLP

5

6                                    By: s/Katherine M. Dugdale
                                      Katherine M. Dugdale
7                                    Attorneys for Plaintiff
                                  MICROSOFT CORPORATION

8  DATED: November 26, 2007          LAW OFFICES OF VIVIAN LU

9

10                                   By: _____
                                  Tracey Lee Wood
11                                   Attorneys for Defendant
                                  GENNADEY BATRAKOV

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28